IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.L. by his parents, ) | |
| SHANNON HAYSLETT and ) | |
| CHRISTOPHER LLOYD ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:24-CV-00179 HEA |
| v. ) | |
| ) | |
| SPECIAL SCHOOL DISTRICT ) | |
| OF ST. LOUIS COUNTY and ) | |
| FERGUSON-FLORISSANT ) | |
| SCHOOL DISTRICT ) | |
| Defendants. ) | |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Plaintiffs oppose Defendants' motion to dismiss Counts I through IV. The instant complaint was timely filed, and Plaintiffs qualify as the prevailing party. Plaintiffs plead all of the required elements of their claims pursuant to the Rehabilitation Act and the Americans with Disabilities Act, as well as factual allegations sufficient to substantiate them. Plaintiffs concede that they failed to exhaust administrative remedies in connection with the claim in Count V, and they do not contest Defendants' motion to dismiss that count. In further support of their opposition, Plaintiffs state the following.

## Legal Standard for Motion to Dismiss

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *AIDS*

1

*Healthcare Found. v. Express Scripts, Inc.*, 6587 F.Supp. 3d 693, 702 (E.D. Mo. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party." *Id.* (citing *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). At a minimum, a complaint must "'contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.'" *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (quoting *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

<u>Count I</u>

The Individuals with Disabilities Education Act (IDEA) provides that a party aggrieved by the findings and decision in a due process case may bring a civil action in any state court or in a district court. 20 U.S.C. § 1415(i)(2)(A). Plaintiffs "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action . . . in such time as the State law allows." § 1415(i)(2)(B). When "the plain language of a statute is clear in its context, it is controlling." *United States v. Smith*, 35 F.3d 344, 346 (8th Cir. 1994) (citation omitted). "Normally, the word 'or' connotes disjunction. . . A reference to 'this or that' ordinarily identifies separate alternatives," unless a "disjunctive reading would frustrate a clear statement of legislative intent." *United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir. 1989) (citation omitted).

The plain language of the IDEA provides for two alternatives. Plaintiffs may bring an action within 90 days, or in such time as the state law allows. The plain language of the

statute does not provide that an explicit state time limit supersedes the 90-day period available under IDEA, and that plain language is controlling.

Further, interpreting the statute in the manner the Defendants suggest would frustrate the purpose of the IDEA, which is a remedial statute designed to "meet the educational needs of children with disabilities in order to assure equal protection of the law." *Little Rock Sch. Dist. v. Mauney*, 183 F.3d 816, 826 (8th Cir. 1999), abrogated on other grounds, *Bradley v. Arkansas Dept. of Educ.*, 189 F.3d 745 (8th Cir. 1999). The IDEA itself states that its purpose is to ensure to children with disabilities "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living," and "to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A), (B). *See also G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 618 (3d Cir. 2015) (interpreting IDEA provisions in view of the statute's "broad remedial purpose"). Interpreting the word "or" in § 1415(i)(2)(B) in accordance with the plain language as well as the remedial purpose of the statute demonstrates that Count I was timely filed, and this Court should not dismiss it as untimely.

## Count II

Defendants assert that Count II must be dismissed because it is time-barred and because Plaintiffs are not the prevailing party. Both arguments are incorrect.

Count II is not time-barred. Under IDEA, an aggrieved party may appeal the decision to state or federal court within 90 days of the decision, "or, if the State has an

3

explicit time limitation for bringing such action . . . in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(A), (B). Pursuant to Missouri law, a school district or parent seeking review of a decision by the Administrative Hearing Commission has 45 days from the receipt of the commission's final decision to file an appeal. Mo. Rev. Stat. § 162.962 (2012); Missouri State Plan for Special Education, Regulation V, at 79, *available at:* https://dese.mo.gov/governmental-affairs/dese-administrative-rules/incorporated-reference-materials/IDEAPartB-2014.

The statute of limitations period for a prevailing party to seek attorneys' fees does not begin to run until the statutory period for the aggrieved party to challenge the IDEA administrative decision <u>expires</u>. *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 875 (8th Cir. 2020) (per curiam) (emphasis added) (quoting *Brittany O. v. Bentonville Sch. Dist.*, 683 F.App'x 556, 558 (8th Cir. 2017). Accordingly, under IDEA, the statute of limitations to seek attorneys' fees begins to run 90 days after receipt of the AHC's decision. Alternatively, under Missouri law, the statute of limitations to seek attorneys' fees begins to run 45 days after receipt of the AHC's decision, and Plaintiff's had 45 days from that date to appeal the AHC's decision. Plaintiffs were in receipt of the AHC decision on November 3, 2023. The time for appeal expired 45 days later, on December 18, 2023; an additional 45 days from that date was February 1, 2024, the date on which Plaintiffs filed their Complaint in the instant case. Accordingly Count II is not time-barred.

Plaintiffs are the prevailing party, contrary to Defendants' assertion. The IDEA "permits a court, in its discretion, to award reasonable attorney fees as part of the costs to 'a prevailing party who is the parent of a child with a disability.'" *Knox on behalf of J.D. v.*

*St. Louis City Sch. Dist.*, No. 4:18-CV-216-PLC, 2020 WL 3542286, at * 17 (E.D. Mo. June 30, 2020) (quoting 20 U.S.C. § 1415(i)(3)(B)(i). A litigant is a "prevailing party" if "he obtains 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). "Similarly, it is logical to assume that a defendant is a prevailing party for purposes of the IDEA fee provision if, after 'any action or proceeding,' he is not required to provide any relief or benefit to the plaintiff." *Taylor P. ex rel. Chris P. v. Missouri Dept. of Elementary and Secondary Educ.*, No. 06-4254-CV-C-NKL, 2007 WL 2360061, at * 3 (W.D. Mo. Ag. 14 ,2007) (citing 20 U.S.C. § 1415(i)(3). "A party does not need to succeed on the entirety of the litigation to be considered the prevailing party under the IDEA; '[a] party prevails if it succeeded on any significant issue which achieved some of the benefit it sought.'" *Knox*, 2020 WL 3542286, at * 17 (citing *Artichoker v. Todd Cty. Sch. Dist.*, No. 3:15-CV_3021-RAL, 2017 WL 2495197, at *2 (D.S.D. June 9, 2017) (additional citation omitted).

In *Birmingham*, the Eighth Circuit found that an order that the school district provide compensatory education as a remedy for an IDEA violation, "altered the legal relationship between the parties by granting [the student] a legal right previously denied to her by her school. This is actual relief on the merits of [student's] IDEA claim. She would be directly benefitted by such compensatory education, since it would repair the harm she suffered from being deprived of her educational rights. This right to compensatory education," the court concluded, "suffices to make the Birminghams a

5

'prevailing party' entitled to attorneys' fees." 298 F.3d at 734.

In *Knox*, the AHC determined that the District's child-find violation denied student a FAPE and granted the student compensatory educational services. *Knox*, *supra*, at *18. Thus, the "AHC altered the legal relationship between the parties by requiring the District to provide Student compensatory services and granting Student a legal right previously denied to him by the District." *Id.* (citing *Birmingham*, 298 F.3d at 734). Thus, the student's grandmother was the prevailing party. *Id.*

Applying these cases to A.L.'s case, Parents were the prevailing party on their claim that Defendants violated the child-find provisions of IDEA by failing to identify A.L. as a student in need of special education services. As a result of the violation, A.L. was awarded compensatory educational services. Even though it was not the specific type of compensatory relief requested by Parents, the AHC's award of compensatory education altered the legal relationship between the parties and granted A.L. a legal right – the right to special education services – previously denied to him by Defendants.

The Court should reject Defendants' suggestion that because Plaintiffs did not prevail on every one of their claims or obtain the specific relief they had requested, they are not prevailing parties. As noted by the court in *Taylor P.*, the defendants would qualify as prevailing parties if they were not required to provide any relief or benefit to the plaintiff. Here, they were required to provide such relief and benefit to A.L. in the form of compensatory education. The amount of the compensatory education award does not change the fact that the AHC's decision required Defendants to provide it and thereby altered the legal relationship between the parties and granting A.L. a right previously

denied to him. Accordingly, this Court should not dismiss Count II.

### Counts III and IV

Defendants ask the Court to dismiss Counts III and IV for failure to allege elements of those claims or sufficient facts in support. The Court should reject this request. Plaintiffs alleged each element of both claims and presented more than sufficient facts in support.

To state a claim under either the ADA or § 504 of the Rehabilitation Act, a plaintiff must establish that he "(1) was a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) was discriminated against based on [his] disability." *Doe as Next Friend of Doe v. Wentzville R-IV Sch. Dist.*, No. 4:22-CV-00461-MTS, 2023 WL 2951619, at * 6 (E.D. Mo. Apr. 14, 2023) (citing *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004 (8th Cir. 2018). When the alleged violations are based on education of children with disabilities, parents must "show that the school acted in bad faith or with gross misjudgment" and that the defendant's conduct "departed substantially from accepted professional judgment, practice, or standards so as to demonstrate that the persons responsible actually did not base the decision on such a judgment." *Id.* (citation omitted). Bad faith or gross misjudgment "requires more than 'mere non-compliance with the applicable federal statutes.' . . . The non-compliance 'must deviate so substantially from accepted professional judgment, practice, or standards as to demonstrate that the defendant acted with wrongful intent.'" *Id.* (citation omitted).

In Count III, Plaintiffs alleged that under 29 U.S.C. § 705, A.L. was an individual

7

and a student with a disability and that Defendants were Local Educational Agencies that receive federal funding and therefore constitute a program or activity covered by the Rehabilitation Act. First Amended Complaint (Doc. # 19), at 16. Plaintiffs further alleged that solely on the basis of A.L.'s disability, Defendants excluded him from participation in, denied him the benefits of, and subjected him to discrimination in violation of § 794(a). *Id.* Specifically, they alleged that Defendants acted in bad faith or with gross misjudgment in that their conduct deviated so substantially from accepted professional judgment, practice, or standards as to demonstrate that they acted with wrongful intent, and as a result, Plaintiffs suffered actual damages. *Id.* at 16-17.

The First Amended Complaint alleges all of the required elements of an ADA claim. Count IV alleged that A.L. is a qualified individual with a disability and that Defendants were public entities, and further that Defendants excluded A.L. from participation in and denied him the benefits of services, programs, or activities of a public entity and subjected him to discrimination, in violation of 42 U.S.C. § 12132. Plaintiffs also charged that Defendants acted in bad faith or with gross misjudgment in that their conduct deviated so substantially from accepted professional judgment, practice, or standards as to demonstrate that they acted with wrongful intent.

Plaintiffs also alleged sufficient facts to show bad faith or gross misjudgment. Counts III and IV incorporated by reference the lengthy recitation of facts that appears earlier in the pleading. Those facts demonstrated, among other things, that A.L. did not pass all or scored very low on state-mandated reading screeners in kindergarten, first grade, and second grade. He was a non-reader his entire first-grade year. He finished

8

second-grade reading well below grade-level expectations and made unsatisfactory progress in his academic skills, according to his report card. He failed a significant portion of a state-mandated dyslexia assessment in the beginning of third grade, and as he entered his third year of specialized reading instruction, he was still testing into the very beginning level of the program. Plaintiffs requested a Section 504 plan in October of 2022, and Defendants denied the request and instructed them to obtain a private evaluation. In January 2023, after Plaintiffs requested an Individualized Education Plan for A.L., Defendants finally held a Section 504 eligibility meeting and provided him with a 504 plan for the remainder of the school year.

Despite that determination, Defendants continued to fail to conduct a full evaluation of A.L., even though they suspected he had disabilities. They refused an evaluation in February 2023. It was not until Plaintiffs filed a due process complaint that Defendants finally conducted a full evaluation and found A.L. eligible for special education services on multiple bases in June of 2023. The AHC found that the delayed evaluation violated the child-find provisions of IDEA.

IDEA imposes an ongoing obligation by school districts to comply with child-find provisions. Defendants' years-long failure to identify A.L. as a child with a disability in need of special education services did not satisfy the child-find provisions. The AHC found that their response to Plaintiffs' request for a full evaluation in January 2023 fell short of their child-find obligation. Decision at 38. Defendants did not include relevant documentation in the data packet used to make their decision and provided no rational justification for doing so. *Id.* This, coupled with A.L.'s documented signs of dyslexia, failure

9

to keep up with grade-level expectations, and his teacher's suspicions that he might have a learning disability "was enough to infer that the Districts had knowledge of a potential disability" and thus had a duty to evaluate A.L. Decision at 38-39. Their failure to do so deviated substantially from accepted professional judgment, practice, or standards and constitutes bad faith or gross misjudgment. Plaintiffs plead the required elements as well as sufficient facts to substantiate the claims in Count III and IV, and the Court should not dismiss them.

## Count V

Plaintiffs concede that they did not file a charge of discrimination with the Missouri Human Rights Commission and therefore did not exhaust administrative remedies. Accordingly, Plaintiffs do not contest the motion to dismiss Count V.

## Conclusion

Accepting Plaintiffs' factual allegations as true and drawing all reasonable inferences in their favor, Counts I through IV state claims that are plausible on their face and contain facts sufficient to state a claim as a matter of law. Accordingly, the Court should decline to dismiss Counts I through IV.

Respectfully submitted,

By: /s/Diane L. Dragan
DRAGAN LAW FIRM, LLC
Diane L. Dragan (MO 73591)
131 Prospect Ave. Suite A
Kirkwood, MO 63122
Diane@Draganlawfirm.com
314-788-7323
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 21, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

James G. Thomeczek, #34059
Robert J. Thomeczek, #38153
Kathryn B. Forster, #52923 12412
Powerscourt Drive, Suite 200 St.
Louis, Missouri 63131 Telephone:
(314) 878-5600 Facsimile: (314)
878-5607
jthomeczek@mickesotoole.com
bothomeczek@mickesotoole.com
kforster@mickesotoole.com

Julie Z. Devine, #58268 Katherine
E. Henry, #65964 714 Locust
Street St. Louis, Missouri 63101
Telephone: (314) 621-2939
Facsimile: (314) 621-6844
jdevine@lashlybaer.com
khenry@lashlybaer.com

/s/Diane L. Dragan