EXHIBIT
1

# SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** (the "**Agreement**") is entered into between Shannon Hayslett ("**Mother**") and Christopher Lloyd ("**Father**") (collectively "**Parents**"), in the interest of Ayden Lloyd ("**Student**" or "**A.L.**") ("**Plaintiffs**") and the Special School District of St. Louis County and the Ferguson-Florissant School District (collectively the "**Districts**"). The Parents, the Student, and the Districts are identified individually as a "**Party**" and collectively, the "**Parties**".

WHEREAS, Student is an individual student residing in the Districts;

WHEREAS, Student is a qualified individual with a disability as defined by the Individuals with Disabilities Education Act (the "**IDEA**"), 20 U.S.C. § 1400 *et seq.*;

WHEREAS, on May 1, 2023, the Parents filed a Special Education Due Process Petition ("Due Process Claim") for Ayden Lloyd ("A.L."), a District student, alleging the Districts violated certain obligations under the IDEA.

WHEREAS, on or about February 1, 2024, the Parents filed a lawsuit styled *Shannon Hayslett and Christopher Lloyd, in the interest of A.L. vs. Special School District of St. Louis County and Ferguson-Florissant School District*, which was designated Case No. 4:24-cv-00179 (the "**Litigation**"); the litigation included an appeal of the Due Process Claim and certain other allegations;

WHEREAS, Parents have alleged and identified potential claims since the filing of the February 1, 2024 lawsuit. Although these claims are prior to litigation, without the admission of fault or liability, the Districts have elected to resolve and release potential claims with Parents, individually and on behalf of the Student also in consideration of the mutual covenants, promises, and valuable consideration contained herein;

WHEREAS, the Districts, and their current and former Board of Education members and their current and former employees, specifically deny any wrongdoing or violation of the Student's or the Parents' rights under any federal or state statute, or law or common law, and further deny any liability to the Student or the Parents, in any respect whatsoever, for monetary damages or otherwise. The execution of this Agreement does not and shall not constitute any acknowledgement or admission by the Districts of the truth of the allegations of the Student's or the Parents' claims or any admission of liability;

WHEREAS, without any admission of fault, liability, or wrongdoing or as to the validity of the other's positions, causes or claims, the Parties to this Agreement desire to forever resolve and compromise all the claims asserted or which could have been, or may be asserted by the Parties in the above-referenced litigation upon the terms set forth below; and

1

WHEREAS, the Parties enter into this Agreement voluntarily with full knowledge of its significance and effect.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and valuable consideration contained herein, the Parties agree as follows:

1. **Annual Individualized Education Program:** Pursuant to 34 C.F.R. § 330.324(b), 20 U.S.C. § 1414(d), 34 CFR §300.518, and the Missouri State Plan for Special Education, Part B 2023, the Parties, through this Agreement, will review and revise the Student's Annual Individualized Education Program ("Annual IEP") as follows:

   a. The Student's IEP Services Summary will reflect that Student's Specialized Instruction in Reading will be removed from his IEP following the conclusion of the 2025-2026 school year pursuant to Parents' specific request.

   b. The Student's IEP Goals with Objectives will be amended to have his Annual Measurable Goal in Basic Reading and his Annual Measurable Goal in Reading Fluency be removed from his IEP following the conclusion of the 2025-2026 school year pursuant to Parents' specific request.

   c. The Student's Present Levels will be revised to reflect this Paragraphs 1, 2, and 3 of this Agreement, and to state that Parents agree and acknowledge that the Districts offered Student a free and appropriate public education in this Annual IEP, including specialized instruction in Basic Reading, Basic Fluency, and Reading Comprehension, but that Parents declined consent for services in the area of Reading, including Basic Reading, Reading Fluency, and Reading Comprehension, and declined consent for Annual IEP Goals in the Areas of Basic Reading, Reading Fluency, and Reading Comprehension.

   d. Parents revocation of consent for services and annual IEP goals in the areas of Basic Reading, Reading, Fluency, and Reading Comprehension are for the one (1) year following the Effective Date of this Agreement between the Effective Date and the date of the next annual review, one year after the effective date, approximately May of 2027.

   e. The Parties agree that any annual review of the Student's IEP as it relates to Reading, including Basic Reading, Reading Fluency, and Reading Comprehension, that may have otherwise been required is satisfied by the terms of this Agreement. The Parties agree that the Annual IEP as reviewed and revised by this Agreement reflects the Parties' agreement and provides Student with a Free and Appropriate Public Education as it relates to Reading, including Basic Reading, Reading Fluency, and Reading Comprehension.

   f. The Districts agree that the Student's Annual IEP, amended as described above, will be provided to the Parents within ten (10) days of the removal of Student's Reading services at the conclusion of the 2025-2026 school year.

2. **Student's Needs and Services.** The Parents agree and acknowledge that the Annual IEP will provide Student with a free and appropriate public education with regards to Reading,

including Basic Reading, Reading Fluency, and Reading Comprehension, and is reasonably calculated to enable the Student to receive educational benefits in light of his unique circumstances. The Parents further agree that the Annual IEP is based on their specific requests with regard to Reading, including Basic Reading, Reading Fluency, and Reading Comprehension, after consultation with their Attorney and they have no objections to it.

    a. The Parties agree that other than the services that will be provided to Student pursuant to the Annual IEP and this Agreement, no other make-up, private, or compensatory services are necessary or needed by Student from the beginning of time until the Effective Date of this Agreement (Effective Date as defined below).

    b. The Parents agree that they will not enter into any administrative complaint, suit, action, appeal or other proceeding, at law or in equity, or to prosecute any claim or cause of action, or to make any claim or demand of any kind, based on the Annual IEP and that they release all claims related to the reasonably calculated nature of the Annual IEP.

    c. The Parents agree that other than the services that will be provided to Student pursuant to the Annual IEP and this Agreement, no other make-up, private, or compensatory services are necessary or needed by Student based on the Annual IEP. The Parents agree that Student is not owed or entitled to any private reading services, make-up services, or compensatory services of any kind based on the reasonably calculated nature of the Annual IEP.

3. **Annual Review:** The Parties agree that Student's Annual IEP must be reviewed by Student's IEP team periodically, but not less than annually, and reviewed and revised, as appropriate, pursuant to 34 C.F.R. Section 300.324(b). The Parties agree that at Student's IEP team meeting in May of 2026, Student's services and goals related to Basic Reading, Reading Comprehension, and Reading Fluency will reflect the terms of this Agreement for the next annual IEP. The date of Student's Annual IEP is the Effective Date of this Agreement.

4. **Settlement Amount.** The Parties agree that neither of them is a "prevailing party" in this matter. Within 30 days of a court of general jurisdiction's approval of the Agreement unless stated otherwise, the Districts will pay the amount of **One Hundred and Forty Thousand Dollars and zero cents ($140,000.00)** ("Settlement Amount") pursuant to the apportionment below. The Districts and Parents and Student agree this amount is the only amount of money to be exchanged between the Districts and Parents and Student under this Agreement and/or related to the Litigation, the facts surrounding the Litigation, and the claims released herein. The Parents, Student, and their attorneys, waive any other fees or costs pursuant to statute, rule of court, or other law or provision awarding costs, fees, or expenses. An IRS 1099 will be issued. The payment of $140,000.00 shall be apportioned as follows:

    a. The Districts shall pay to Parents the sum of **Five Hundred Dollars and 00/100 ($500.00)** in one check made payable to Shannon Hayslett in consideration of the

3

release of any and all claims they could have alleged against the Districts on her own behalf. An IRS 1099 will be issued.

b. The Districts shall pay to Parents the sum of **Five Hundred Dollars and 00/100 ($500.00)** in one check made payable to Christopher Lloyd in consideration of the release of any claims they could have alleged against the Districts on his own behalf. An IRS 1099 will be issued.

c. The Districts shall pay to The Dragan Law Firm Trust Account on behalf of Ayden Lloyd the sum of **One Thousand Dollars and 00/100 ($1,000.00)** in one check payable to The Dragan Law Firm in consideration of the release of any and all alleged and disputed claims in the interest or on behalf of A.L. against the Districts. Pursuant to Missouri Revised Statute Section 436.700, Student's attorney shall deposit the amount received on behalf of minor Student directly into a uniform transfer to minor account for the sole benefit of Student. The Dragan Law Firm shall provide notice of the deposit to Student and his Parents via personal service or first class mail. An IRS 1099 will be issued.

d. The Districts shall pay to the Parents the sum of **Eighteen Thousand Dollars and 00/100 ($18,000.00)** in one check made payable to Shannon Hayslett and Christopher Lloyd for the sole and exclusive use of and benefit for A.L. or reimbursement for educational services and for educational expenses in consideration of the release of any claims Shannon Hayslett or Christopher Lloyd on behalf of A.L., could have alleged against the Districts. An IRS 1099 will be issued.

e. As and for attorneys' fees and expenses incurred by Parents and Student in connection with any and all claims, actions, causes of action, demands, damages or losses, including those claims alleged in the Litigation, the Districts will pay Parents and Student's attorneys as follows: One check made payable to The Dragan Law Firm in the amount of **One Hundred and Twenty Thousand Dollars and 00/100 ($120,000.00).** An IRS 1099 will be issued.

f. It is agreed that Plaintiff and Plaintiff's attorneys shall be responsible for the payment of any and all taxes which may become due in connection with the payments made to them in this Agreement. Plaintiff and Plaintiff's attorneys agree to indemnify and hold the District, ESS and their insurer harmless from and against any and all claims brought against the District, ESS or their insurer for the payment of such taxes or withholdings, including any penalties or interest, on the payment made to them or in connection with the payment made to them as set forth in this paragraph.

4. **Confirmation of No Other Claims and Dismissal of Litigation.** The Plaintiffs represent and warrant that, other than the Due Process Claim and Litigation outlined above, they have filed no lawsuits, claims, charges, grievances or causes of action of any kind against Releasees (as defined below), and that, to the best of their knowledge, they possess no claims other than those asserted in the prior Due Process Claim and Lawsuit. Parents further agree that they have no claims based on or concerns about the Student's planned services for the

4

next 12 months as it relates to Student's IEP goals or services in the area of Reading, including Basic Reading, Reading Fluency, and Reading Comprehension. In consideration of all of Plaintiffs' agreements and obligations herein, the Plaintiffs agree that within five (5) business days of the execution of this agreement and approval by the Court, whichever is later, the Parents shall file a Notice of Dismissal with Prejudice of the Litigation with the Court.

5. **Release of Claims**. In consideration of the representations referred to in this Agreement, the Parents, on their own behalf and on behalf of the Student, hereby release, remise, and forever discharge the Districts and their affiliates and subsidiaries, together with their respective Boards of Education and their past, present, and future board members, directors, officers, agents, employees, attorneys, representatives, insurers Missouri United School Insurance Council, Arthur J. Gallagher & Co., Gallagher Bassett Services, Inc., General Reinsurance Corporation, Safety National, Acrisure Claims Services and self-insurers, including their attorneys, and (past and present) and representatives ("Releasees") from all past or present claims, actions, causes of actions, administrative procedures or other procedures that the Student, the Mother, and/or the Father may have against them as asserted in the Litigation, and/or any and all claims that have been asserted, could be asserted or are capable of being asserted by the Parties on their own behalf of on behalf of the Student for anything occurring prior to the date of the execution of this Agreement pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and its implementing regulations at 34 C.F.R. §§ 100.1 et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.; 42 U.S.C. §§ 1981, 1983, 1985 and 1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991; the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Missouri Human Right Act (MHRA), Mo. Rev. Stat., Ch. 213; Mo. Rev. Stat., Ch. 167; Title IX of the Education Amendments of 1973, 20 U.S. C. §1681; the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. §1232g; the Missouri Administrative Procedures Act, Mo. Rev. Stat. §536.010 et seq.; the United State Constitution; the Missouri Constitution; all federal and/or state regulations issued under any of the above statutes, including the Missouri State Plan for Special Education; any contract, federal, state, or local statutory or common law; and/or any of the Districts' policies, regulations, protocols, or procedures from the beginning of time until the effective date of this Agreement.

6. **Covenant Not to Sue**. The Plaintiffs shall not enter into any administrative complaint, suit, action, appeal or other proceeding, at law or in equity, or to prosecute any claim or cause of action contained in the Litigation, or to make any claim or demand of any kind, based on the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and its implementing regulations at 34 C.F.R. §§ 100.1 et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.; 42 U.S.C. §§ 1981, 1983, 1985 and 1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991; the Rehabilitation Act

5

of 1973, 29 U.S.C. § 791 et seq.; the Missouri Human Right Act (MHRA), Mo. Rev. Stat., Ch. 213; Mo. Rev. Stat., Ch. 167; Title IX of the Education Amendments of 1973, 20 U.S. C. §1681; the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. §1232g; the Missouri Administrative Procedures Act, Mo. Rev. Stat. §536.010 et seq.; the United States Constitution; the Missouri Constitution; all federal and/or state regulations issued under any of the above statutes, including the Missouri State Plan for Special Education; any contract, federal, state, or local statutory or common law; and/or any of the Districts' policies, regulations, protocols, or procedures, including, but not limited to claims seeking tuition reimbursement, compensatory services, attorney's fees, and costs against the Parties released in this Agreement for anything occurring from the beginning of time up to and including the date of the Effective Date of this Agreement except such actions as may be necessary to enforce the rights and obligations under this Agreement. If Parent takes any action in violation of this Paragraph, Parent agrees to pay all legal costs, including attorney's fees, incurred by the released parties in defending against such claims or causes of action. Notwithstanding the above, nothing in this Agreement shall be construed to prohibit the Parents from filing a charge with or participating in an investigation or Proceeding conducted by any state or federal agency. The Plaintiffs understand that they have waived and released any and all claims for money damages and equitable relief that they may recover from the Releasees pursuant to the filing or prosecution of any administrative charge or complaint against Releasees by Parents or any resulting civil proceeding or lawsuit brought on the Plaintiffs' behalf for the recovery of such relief, and which arises out of the matters that are and may be released or waived by this Agreement. The Plaintiffs also understand, however, that this Agreement does not limit their ability to communicate with any government agencies or otherwise participate in any investigation or proceeding that may be conducted by any government agency, including providing documents or other information, without notice to Releasees. This Agreement also does not limit Plaintiffs' right to receive an award for information provided to any government agencies.

7. Further, the Parties have considered Medicare's interests in this settlement and have determined that an allocation for future Medicare covered expenses is not required. Plaintiff acknowledges that Ayden Lloyd has not received SSD or SSI benefits. Ayden Lloyd does not have any expectation of becoming a Medicare beneficiary within thirty (30) months of this settlement. Plaintiff further acknowledges that in the event Ayden Lloyd becomes a Medicare beneficiary within thirty (30) months of the settlement of this matter that CMS (Medicare) may require that they expend up to the amount of the settlement to pay for injury related medical care, treatment, or expense before Medicare will provide coverage for any such expense associated with the injury.

8. Parents and Student shall be solely responsible for any and all taxes and penalties owed by her with respect to the payment referred to herein. The payment referred to in this Agreement shall be the total amount that any person, firm or entity, including the Districts and/or its insurers, shall ever be required to pay under this Agreement.

9. **No Admission of Liability**. This Agreement is a compromise between the Parties and shall not be construed as an admission of any liability or wrongdoing by any Party. The Parties

6

agree that no party is a prevailing party for the purposes of this Agreement. Except as provided in Paragraph 5, each Party agrees to bear their own attorney's fees and costs.

10. **Full and Careful Review.** The Parents, in their individual capacities and on behalf of their Student, and the Districts acknowledge that all Parties have had a chance to review this Agreement with legal counsel prior to executing this Agreement. By executing this Agreement, each Party acknowledges that he, she, or it has (a) been advised of the right to consult with an attorney prior to executing this Agreement; (b) consulted with, or has had sufficient opportunity to consult with an attorney; (c) had sufficient time within which to consider the terms of the Agreement; (d) asked all questions regarding the terms of the Agreement and those questions have been satisfactorily answered; (e) read this Agreement in its entirety and understand its terms and their meaning; and (f) entered into this Agreement voluntarily, of his, her, or its own free will, and without any coercion, undue influence, threat, or intimidation of any kind or type whatsoever.

11. **Non-Disparagement.** Parents and Student agree to refrain from making false statements about the terms of this agreement. Should Parents or Student make any false claims, Districts may respond with accurate information without violating FERPA or the IDEA.

12. **Representations and Warranties.** The Parents acknowledge that they enter into this Agreement individually and as the parents of Student, on Student's behalf. Mother and Father represent and warrant that Parents are the parents and legal guardians of Student; and Parents have the legal right, power, and authority to enter into this Agreement on behalf of Student and themselves and to grant the rights granted hereunder.

13. **Future Cooperation.** The Parties shall fully cooperate and take all additional actions that may either be necessary or appropriate to give full force and effect to the terms and intent of this Agreement which are not inconsistent with its terms.

14. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri without regard to conflict or choice of law principles. The Parties agree that any dispute arising under this Agreement shall be decided in the S. Louis County Circuit Court and the Parties expressly consent to jurisdiction and venue in the St. Louis County Circuit Court of Missouri.

15. **Merger.** The Parties have carefully read this Agreement in its entirety. This is the final, exclusive agreement between the Parties on the matters contained in this Agreement. All prior and contemporaneous negotiations, agreements, and understandings between the Parties related to the subject matter are expressly merged into and superseded by this Agreement.

16. **Amendments and Severability.** This Agreement may not be modified or canceled in any manner except by a writing signed by Parents and an authorized official of the Districts' Board of Education or other and after vote. If any provision in this Agreement is found to be

7

unenforceable, all other provisions will remain fully enforceable.

17. **Counterparts.** The Parties may execute this Agreement in one or more counterparts, each of which is an original, and all of which constitutes only one agreement between the Parties.

18. **Effective Date**. This Agreement is effective when each Party has delivered to each other party one executed counterpart of this Agreement.

To evidence the Parties' agreement to this Agreement, each Party has executed and delivered it on the date indicated under that Party's signature.

**THIS DOCUMENT CONTAINS A FULL AND FINAL RELEASE OF CLAIMS – READ IT CAREFULLY AND REVIEW IT WITH LEGAL COUNSEL.**

## SIGNATURE PAGE

**PLAINTIFFS**

By: _____

Shannon Hayslett, individually

Date _April 14, 2026_

By: _____

Shannon Hayslett, on behalf of A.L.

Date _April 14, 2026_

By: _____

Christopher Lloyd, individually

Date _April 14, 2026_

By: _____

Christopher Lloyd, on behalf of A.L.

Date _April 14, 2026_

**FERGUSON-FLORISSANT SCHOOL DISTRICT**

By: _____

Superintendent of Schools,
per authorization by the
Board of Education
Ferguson-Florissant School District

_4.28.26_

Date

**SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY**

By: _____

President
Board of Education
Special School District of St. Louis County

_4.28.26_

Date

Attest _____

Secretary
Board of Education
Special School District of St. Louis County

_4.28.26_

Date

9

## Exhibit 1

### AFFIDAVIT OF SHANNON HAYSLETT

COMES NOW SHANNON HAYSLETT of lawful ages and upon his oath, being first duly sworn, states and avers as follows:

a.    My name is SHANNON HAYSLETT, and I am of sound mind and am over 18 years of age.

b.    I am the natural MOTHER of AYDEN LLOYD.

c.    I have made a reasonable inquiry and to the best of my knowledge, AYDEN LLOYD will be fully compensated by the settlement set forth in the Settlement Agreement and Release.

d.    I have made a reasonable inquiry and to the best of my knowledge there is no practical way to obtain additional amounts from the person or entity entering into the Settlement Agreement with AYDEN LLOYD.

I swear that the preceding paragraphs are true and accurate to the best of my knowledge, information and belief.

_____

SHANNON HAYSLETT

Subscribed and sworn to before me this 14 day of April , 2026.

_____

Notary Public

My commission expires: Oct 29 2029

10

PARIS HOWARD
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Oct. 29, 2029
Commission #21376583

## AFFIDAVIT OF CHRISTOPHER LLOYD

COMES NOW CHRISTOPHER LLOYD of lawful ages and upon her oath, being first duly sworn, states and avers as follows:

a.      My name is CHRISTOPHER LLOYD, and I am of sound mind and am over 18 years of age.

b.      I am the natural FATURE OF CHRISTOPHER LLOYD.

c.      I have made a reasonable inquiry and to the best of my knowledge, AYDEN LLOYD will be fully compensated by the settlement reached by the parties in the Settlement Agreement and Release

d.      I have made a reasonable inquiry and to the best of my knowledge there is no practical way to obtain additional amounts from the person or entity entering into the Settlement Agreement with AYDEN LLOYD.

I swear that the preceding paragraphs are true and accurate to the best of my knowledge, information and belief.

CHRISTOPHER LLOYD

Subscribed and sworn to before me this 14 day of April, 2026.

Notary Public

My commission expires: Oct 29 2029

PARIS HOWARD
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Oct. 29, 2029
Commission #21376583

11